**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division**

| | | |
|---|---|---|
| CAROLYN GUTHRIE, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: 8:09-cv-02342 |
| | : | |
| v. | : | Judge Deborah K. Chasanow |
| | : | |
| THE NORTHWESTERN MUTUAL LIFE INSURANCE CO., | : | |
| | : | |
| Defendant/Third-party Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| ALICE GILES | : | |
| | : | |
| Third-party Defendant/ Third-party Plaintiff/Counterplaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| J. STEPHEN HAST 600 Grant Street 5100 U.S. Steel Tower Pittsburgh, PA 15219 | : | |
| | : | |
| and | : | |
| | : | |
| KEM FINANCIAL SERVICES, INC. Serve: Kevin E. Miller 600 Grant Street 5100 U.S. Steel Tower Pittsburgh, PA 15219 | : | |
| | : | |
| Counterclaim Defendants, | : | |
| | : | |
| and | : | |
| | : | |
| NORTHWESTERN MUTUAL LIFE INSURANCE CO. | : | |
| | : | |
| Counterclaim Defendant. | : | |

## FIRST AMENDED ANSWER AND COUNTERCLAIMS BY ALICE GILES

COMES NOW Alice Giles, as Personal Representative of the Estate of Julie D. Giles, and individually ("Alice Giles", or "Mrs. Giles"), through her counsel HANNON LAW GROUP, LLP, and hereby presents her *First Amended* Answer[1] to the Third-Party Complaint of Northwestern Mutual Life Insurance Co:

### First Defense

The action must be dismissed for failure to include an indispensable party, J. Stephen Hast, agent of Northwest Mutual.

### Second Defense

Alice Giles responds to each paragraph of the Complaint as follows:

### PARTIES

1. Admitted.

2. Admitted.

3. Admitted.

### JURISDICTION AND VENUE

4. Mrs. Giles admits that the life insurance proceeds are One Million Dollars ($1,000,000) exclusive of interest and costs. As the Personal Representative of the Estate of Julie Giles, who resided in Montgomery County, Maryland, at the time of her death, Alice Giles is deemed to be a citizen of the same State as the decedent, per 28 U.S.C. 1332(c)(2), which is Maryland. Plaintiff Carolyn Guthrie is also a citizen of Maryland, thus defeating diversity of citizenship as grounds for this Court's jurisdiction.

5. Admitted that the potential claims to life insurance proceeds are greater than Five

---

[1] Additions to paragraphs in the answer are noted in *italics*. This amended answer also adds the counterclaims that follow.

Hundred Dollars, and admitted that this Court has jurisdiction over this action pursuant to 28 U.S.C. 1335.

    6.    Denied.

## BACKGROUND OF THE ACTION

    **7.**    Admitted.

    8.    Mrs. Giles is without sufficient information to admit or deny, and if a response is required, it is denied.

    9.    Admitted.

    10.    Mrs. Giles admits that Bruce T. Herwald is a potential claimant; that he was the Insured's partner; that pursuant to Section 12.2 of the Limited Liability Company Agreement, Dr. Herwald and the Insured agreed that each would have a life insurance policy naming the other as owner and beneficiary of the term life insurance. Mrs. Giles denies that the Insured breached the agreement and avers that Dr. Herwald had the same obligation as the Insured to ensure that the life insurance policy was properly implemented pursuant to the Limited Liability Company Agreement.

    11.    Mrs. Giles is without sufficient information to admit or deny the averments in this paragraph, and if a response is required they are denied.

    12.    Admitted.

    13.    Denied. Mrs. Giles only admits that Northwestern refrained from filing this lawsuit. It was only Carolyn Guthrie who wished to split the proceeds of the life insurance policy. Carolyn Guthrie sent a "settlement agreement" to Alice Giles in which Guthrie proposed that she receive the bulk of the proceeds of insurance. Mrs. Giles was unrepresented at the time, and Guthrie tried to mislead Alice Giles regarding the Estate's rights to the proceeds of the

insurance. Guthrie failed to disclose to Alice Giles that under the terms of the Limited Liability Company Agreement, the Estate was entitled to the entire $1,000,000 benefits under the policy.

    14.    Admitted.

    15.    Admitted.

    16.    Admitted.

    17.    Admitted.

    18.    Admitted.

    19.    Admitted.

    20.    Admitted.

Alice Giles responds to each numbered paragraph in the WHEREFORE clause as follows:

    1.    Agreed.

    2.    Agrees to the relief sought except as to the action <u>Alice P. Giles, Personal Representative of the Estate of Julie D. Giles v. Union Veterinary Clinic, LLC and Bruce T. Herwald</u>, 2009 CA 006977 B, in the Superior Court of the District of Columbia. That action seeks to compel Bruce T. Herwald to purchase Julie Giles half interest in the veterinary business from the Estate as required under the terms of the Limited Liability Company Agreement. That action does not affect the policy at issue in this case.

    3.    Disagrees. Alice Giles denies that Northwestern does not have a stake or responsibility in the outcome of this litigation. Northwestern, through its agent, J. Stephen Hast, negligently failed to draft and implement the business insurance continuity policy required by Herwald and Julie Giles under the terms of the Limited Liability Company Agreement. They further negligently allowed Julie Giles, upon the unlawful importuning of Carolyn Guthrie, to

change the beneficiary on the business insurance policy to Carolyn Guthrie, when Julie Giles was not the owner of the policy.

    4.    Disagrees.  Alice Giles denies that Northwestern does not have a stake or responsibility in the outcome of this litigation.  Northwestern, through its agent, J. Stephen Hast, negligently failed to draft and implement the business insurance continuity policy required by Herwald and Julie Giles in the Limited Liability Company Agreement.  They further negligently allowed Julie Giles, upon the unlawful importuning of Carolyn Guthrie, to change the beneficiary on the business insurance policy to Carolyn Guthrie, when Julie Giles was not the owner of the policy.

    5.    Agrees.

    6.    Agrees.

    7.    Disagrees.

    8.    Agrees.

## JURY DEMAND

Alice Giles demands a jury trial as to all claims and factual assertions triable by jury.

## ADDENDUM

Alice Giles intends to file a counterclaim against Northwest Mutual, adding J. Stephen Hast as a counterclaim defendant, *as well as KEM Financial Services*.  In addition, Alice Giles intends to file a counterclaim against Carolyn Guthrie.  *These counterclaims follow this First Amended Answer.*

WHEREFORE, Alice Giles consents to the relief sought by Northwest to render her, as well as Bruce T. Herwald, as Defendants in the action brought by Carolyn Guthrie.

**COUNTERCLAIMS AGAINST NORTHWESTERN MUTUAL LIFE INSURANCE CO., J. STEPHEN HAST, KEM FINANCIAL SERVICES, AND CAROLYN GUTHRIE**

COMES NOW Alice Giles, as Personal Representative of the Estate of Julie D. Giles, and individually ("Alice Giles", or "Mrs. Giles"), through her counsel HANNON LAW GROUP, LLP, and hereby presents her Counterclaims against Northwestern Mutual Life Insurance Co., J. Stephen Hast, KEM Financial Services, Inc., and Carolyn Guthrie:

**Parties**

1.      Alice Giles is the Personal Representative of the Estate of Julie Giles, and mother of the decedent.  Alice Giles resides in North Carolina.

2.      Counterdefendant Northwestern is an insurance company organized under the laws of the State of Wisconsin, authorized to do business in the State of Maryland, with its principal place of business in the State of Wisconsin.

3.      Counterdefendant J. Stephen Hast is an insurance agent with KEM Financial Services, Inc. ("KEM"), and Northwestern Mutual Life Insurance Co. ("Northwestern"), who effectuated the life insurance policy at issue and upon information and belief is a resident of the Commonwealth of Pennsylvania.

4.      Defendant KEM is an insurance company organized under the laws of the Commonwealth of Pennsylvania, authorized to do business in the State of Maryland, with its principal place of business in the State of Pennsylvania.  KEM is an agent of Northwestern.

5.      Counterdefendant Carolyn Guthrie is a citizen of the State of Maryland, who has asserted a claim for the insurance proceeds.

**Jurisdiction and Venue**

6.      The parties to this Counterclaim are of diverse citizenship and the amount in controversy is One Million Dollars ($1,000,000), exclusive of interest and costs.  Accordingly,

6

this Court has jurisdiction pursuant to 28 U.S.C. § 1332.  If the parties are not diverse, 28 U.S.C. 1367 (a) confers jurisdiction on the counterclaims.

7.	Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred within this district, and under 28 U.S.C. § 1367 because this Court has original jurisdiction of the Counterclaim for Interpleader.

**Factual Background**

8.	On March 4, 2002, Northwestern issued a One Million Dollar term life insurance policy on the life of Julie Giles, a resident of Takoma Park, Maryland, through the actions of its agents J. Stephen Hast and KEM.  The policy number is 16-041-461.

9.	The life insurance policy was implemented to fund a continuation of business strategy outlined in the Limited Liability Company Agreement ("Agreement") of Union Veterinary Clinic, LLC ("Union Vet").  Julie D. Giles was an equal member with Bruce T. Herwald, and both Julie D. Giles and Bruce T. Herwald executed the Agreement as members of Union Vet.

10.	The Agreement required that Union Vet would purchase a life insurance policy on the life of Julie D. Giles, with Bruce T. Herwald named as beneficiary.  Dr. Herwald would also own the policy, so as to ensure that the beneficiary designation could not be changed.  Upon Julie's death, the agreement required that Dr. Herwald would then utilize the proceeds of the life insurance policy to purchase the outstanding membership interest of Julie D. Giles from her estate, with the remainder of the insurance proceeds being assigned to Juilie's Estate.  The Agreement also required a reciprocal policy on the life of Bruce T. Herwald, with Julie D. Giles the owner and beneficiary.

11.	J. Stephen Hast, acting as an agent of Northwestern and KEM, provided insurance

services and professional consultation to Julie D. Giles; Bruce T. Herwald; and Union Vet.

15. J. Stephen Hast was engaged by Julie D. Giles, Bruce T. Herwald, and Union Vet, to implement the business continuity strategy pursuant to the Agreement.

13. J. Stephen Hast prepared the policy at issue in this suit.

14. When J. Stephen Hast prepared the policy at issue, he had a duty in the exercise of his professional judgment to ensure that the policy he produced actually conformed with the terms of the Agreement which he was engaged to implement. J. Stephen Hast negligently failed to ensure that Bruce T. Herwald was identified as the owner of the policy on the life of Julie Giles and to ensure that he was named as beneficiary, pursuant to the Agreement.

15. Had J. Stephen Hast properly implemented the policy and acted with due diligence the policy would have properly designated Bruce T. Herwald as owner and beneficiary of the policy.

16. On October 28, 2008, J. Stephen Hast met with Julie D. Giles and Carolyn Guthrie to advise Julie regarding the insurance policy. Hast negligently advised Julie that she could change the policy beneficiary to Carolyn Guthrie. Pursuant to J. Stephen Hast's advice and with his assistance, Julie D. Giles changed the beneficiary from Alice Giles to Carolyn Guthrie.

17. Julie D. Giles was romantically involved with Carolyn Guthrie and the two resided in Julie D. Giles' home, of which she transferred a joint tenancy to Carolyn Guthrie on October 14, 2003.

18. Julie was diagnosed with Multiple Sclerosis in the fall of 2003, and was suffering extreme pain, limited mobility, and progressive loss of bodily functions. As a result, Julie became increasingly dependent on Guthrie to provide care for her.

19.     Carolyn Guthrie is an attorney and advised Julie on numerous matters in her capacity as an attorney.  Guthrie used her influence with Julie as an attorney and her position as a caretaker to Julie to unduly influence Julie to part with money and property.   By virtue of this undue influence, Guthrie caused Julie to transfer to her joint title of Julie's house; to name Guthrie as beneficiary on her disability insurance policy; to name Guthrie as joint owner on her bank accounts; to spend money to renovate the house; to refinance the property; to transfer to Guthrie Julie's interest in automobiles and other valuable property; and to ultimately denote her as the beneficiary in the life insurance policy at issue in this lawsuit.

20.     Guthrie knew that a Business Partnership Agreement was in effect for Julie's veterinarian practice and reviewed the Agreement as an attorney on Julie's behalf.  Guthrie knew that the Business Partnership Agreement required Julie to name Bruce T. Herwald as the beneficiary of the policy; nevertheless, Guthrie exercised undue and improper influence on Julie D. Giles in order to effectuate the change in beneficiary to herself.

21.      Approximately four months after the purported change in beneficiary, Julie Giles took her own life.

### Counterclaim Against Northwestern, J. Stephen Hast, and KEM
### COUNT 1—Negligence

22.     Alice Giles repeats each and every allegation contained in all preceding paragraphs and incorporates the same herein.

23.     J. Stephen Hast was engaged by Julie Giles, Bruce T. Herwald, and Union Vet to implement the business continuity insurance policy plan issued by Northwestern upon which they relied for their business partnership and future security.

24.     J. Stephen Hast was acting as an agent of Northwestern and KEM.

25. J. Stephen Hast was aware that the insurance policy was being executed pursuant to a business continuation agreement.

26. J. Stephen Hast breached his duty of care by failing to ensure that the policy he produced was in conformance with the business agreement.

27. As a direct and proximate cause of Mr. Hast's negligence, Alice Giles and the Estate have suffered damages in the amount of One Million Dollars ($1,000,000.00).

WHEREFORE, Alice Giles requests judgment in the amount of $1,000,000, plus costs, expenses, attorneys' fees and any other relief this Court deems just.

## COUNT 2—Reformation of Contract

28. Alice Giles repeats each and every allegation contained in all preceding paragraphs and incorporates the same herein.

29. Union Vet, Bruce T. Herwald, and Julie D. Giles were parties to the Agreement.

30. The Agreement clearly provided for post-death continuity of the business through the mechanism of life insurance provided by Northwestern. The Agreement clearly provided that each partner would own the policy of the other and be named as the beneficiary of the policy on the life of the other. The ownership mechanism of the policy protected each partner and ensured that the policy proceeds would be available to the surviving partner, pursuant to the terms of the Agreement.

31. To implement the business continuity plan under the Agreement, Bruce T. Herwald, Julie D. Giles and Union Vet contracted with Northwestern and its agents KEM and J. Stephen Hast, to provide a life insurance policy which conformed to the Agreement.

32. The parties mistakenly prepared a life insurance policy on the life of Julie D. Giles which did not conform with the Agreement and their intent.

33. Had the parties been aware of this mistake, the life insurance policy would not have been entered into as written.

34. Instead, in conformance with the Agreement, the policy would have been owned by Bruce T. Herwald with him identified as the beneficiary.

WHEREFORE, Alice Giles requests that the Court reform the life insurance policy to reflect Bruce T. Herwald as the owner of the policy on Julie D. Giles' life and as beneficiary of the policy proceeds.

## **COUNT 3—Declaratory Judgment**

35. Alice Giles repeats each and every allegation contained in all preceding paragraphs and incorporates the same herein.

36. Alice Giles seeks a declaration of rights under the life insurance policy to wit:

    a. The parties entered into the Agreement and sought to purchase life insurance in accordance with the terms of the business continuity plan;

    b. The policy should have provided the mechanism to fund the business continuity plan: to wit, Bruce T. Herwald was intended to receive the full benefits under the policy, to be used by him to purchase Julie D. Giles' share of Union Vet from her estate at death.

    c. The policy did not provide that which the parties sought;

    d. The designation of Carolyn Guthrie as beneficiary is null and void, as Julie D. Giles did not own the policy;

    e. As a result of the ineffectiveness of the policy, Alice Giles has suffered damages.

WHEREFORE, as a result of Defendants' actions, Alice Giles demands that the Court declare Bruce T. Herwald the owner and rightful beneficiary under the life insurance policy.

**PRAYER FOR RELIEF**

37. WHEREFORE, Alice Giles respectfully requests the following:

    a. Judgment in the amount of $1,000,000, plus costs, expenses, attorneys' fees and any other relief this Court deems just.

    b. The Court reform the life insurance policy to reflect Bruce T. Herwald as the owner of the policy on Julie D. Giles' life.

    c. The Court declare Bruce T. Herwald as the rightful beneficiary of the life insurance policy on Julie D. Giles' life.

    d. Pre-judgment and post-judgment interest.

**JURY DEMAND**

Counterplaintiff demands a jury trial as to all claims and factual assertions triable by jury.

**COUNTERCLAIM AGAINST CAROLYN GUTHRIE**

**COUNT 1-Intentional Interference With Business Agreement**

38. Alice Giles repeats each and every allegation contained in all preceding paragraphs and incorporates the same herein.

39. Julie D. Giles entered into a business agreement with Bruce T. Herwald as members of Union Veterinary Clinic, LLC ("Union Vet").

40. The agreement contained provisions designed to effectuate the continuation of Union Vet in the event of the death of either members Julie D. Giles or Bruce T. Herwald, by means of the purchase of an insurance policy.

41. Defendant Carolyn Guthrie had knowledge of this agreement, and had reviewed the terms as an attorney.

42. Defendant Carolyn Guthrie intentionally and without cause procured a breach of

the business agreement by importuning Julie D. Giles to make her the beneficiary of the insurance policy, in contradiction to the terms of the business agreement.  As a result of this interference, Julie's percentage of the business has not been purchased by Union Vet from the Estate.  As a result of this interference, Julie's estate has not received the balance of the insurance proceeds in excess of the value of Union Vet at the time of her death.

43. As a direct and proximate cause the Estate of Julie Giles and Alice Giles individually has suffered pecuniary losses in the amount of $1,000,000.

## COUNT 2—Intentional Interference With Insurance Contract

44. Alice Giles repeats each and every allegation contained in all preceding paragraphs and incorporates the same herein.

45. Julie Giles designated her mother as the beneficiary of the insurance policy purchased in conjunction with the Agreement.

46. Defendant Carolyn Guthrie had knowledge of this Agreement.

47. Guthrie intentionally, wrongfully, and without cause interfered with Alice Giles' interest in the insurance policy by procuring a change in beneficiary, and having herself named as the beneficiary of the policy.

48. As a direct and proximate cause the Estate of Julie Giles and Alice Giles individually has suffered pecuniary losses in the amount of $1,000,000.

## COUNT 3—Undue Influence

49. Alice Giles repeats each and every allegation contained in all preceding paragraphs and incorporates the same herein.

50. Julie Giles was afflicted with Multiple Sclerosis, and suffered extreme pain, limited mobility, and loss of bodily functions as a result of the disease.

51.     Carolyn Guthrie was romantically involved with Julie Giles, served as her caretaker, and Julie depended on Guthrie for aid and counsel by virtue of Guthrie being an attorney, placing her in a position of trust and confidence.

52.     Julie Giles was fearful that Guthrie would leave her if she did not do what Guthrie desired.

53.     By becoming the beneficiary to the life insurance policy at issue, Guthrie was substantially benefitted.

54.     Guthrie caused or assisted the change of the beneficiary in the life insurance policy from Alice Giles, Julie's mother, to Guthrie.

55.     As a co-habitant, caretaker, and one involved in a confidential relationship with Julie, Guthrie had ample opportunity to exert undue influence over Julie Giles, and did so to Julie's financial detriment and to Guthrie's improvement.

56.     As a result of the undue influence, the Estate and Alice Giles have suffered pecuniary losses stemming from the diversion of the life insurance proceeds from Bruce T. Herwald, his resultant failure to purchase Julie's share of the business, and the loss of the balance of the insurance proceeds due to Julie's estate under the Agreement.

WHEREFORE, Counterplaintiff Alice Giles, Personal Representative of the Estate of Julie Giles, and individually respectfully request damages in the amount of $1,500,000 or as otherwise proven at trial, plus attorney's fees, interest, costs, and such other relief as the Court deems just and proper.

## JURY DEMAND

Counterplaintiff Alice Giles, as Personal Representative of the Estate of Julie Giles and individually, demands a jury trial as to all claims and factual assertions triable by jury.

Dated October 23, 2009                               Respectfully submitted,

                                            HANNON LAW GROUP, LLP

                                            */s/ J. Michael Hannon*
                                            J. Michael Hannon
                                            1901 18th Street, N.W.
                                            Washington, D.C.  20009
                                            (202) 232-1907
                                            (202) 232-3704 Facsimile
                                            jhannon@hannonlawgroup.com

                                            *Attorneys for Defendant/Third Party*
                                            *Plaintiff/Counterplaintiff Alice Giles*


**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that a copy of the **Amended Answer and Counterclaims** of Alice Giles, Individually and as Personal Representative of the Estate of Julie D. Giles was served via electronic filing this 23th day of October, 2009, to:

Kenneth R. West, Esq.
Keith J. Rosa, Esq.
Abrams & West, P.C.
4550 Montgomery Avenue, #760N
Bethesda, MD 20814

David A. Carter
Meyers, Rodbell & Rosenbaum, P.A.
10 E. Baltimore Street, Suite 1405
Baltimore, MD 21202

     A summons and copy of the Third-Party Complaint will be served on KEM Financial Services, Inc., and J. Stephen Hast.

                                              */s/ J. Michael Hannon*
                                              J. Michael Hannon