IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CAROLYN GUTHRIE          :

       v.                 :    Civil Action No. DKC 09-2342

THE NORTHWESTERN MUTUAL LIFE
INSURANCE CO., et al.    :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case are three motions: (1) a motion to dismiss filed by Counter Defendants Hast and KEM (Paper 33); (2) a motion to dismiss filed by Third Party Defendant Giles (Paper 41); and (3) a motion for judgment on the pleadings filed by Third Party Defendant Herwald (Paper 48). The issues are fully briefed and the court now rules pursuant to Local 105.6, no hearing being deemed necessary. For the reasons that follow, all of the above motions will be denied.

I.  **Background**

This case stems from a dispute over the proper beneficiary of a $1 million life insurance policy ("the Policy") issued by Northwestern Mutual Life Insurance Company ("Northwestern"). Northwestern removed the case, which originated in the Circuit Court for Montgomery County, to this court on September 4, 2009.

Plaintiff Carolyn Guthrie ("Guthrie") alleges that she is the named beneficiary of the Policy, which was issued to Julie Giles ("the Insured") in 2002; she now demands payment. (Compl. ¶ 3-6). Northwestern responded to the complaint by filing an answer and a counterclaim for interpleader asking that Alice Giles ("Giles"), personal representative of the estate of the Insured, and Bruce Herwald ("Herwald") be made parties to the litigation. (Paper 11). Two days later, on September 16, 2009, Northwestern filed a third party complaint against Giles, individually and as personal representative of the estate of the Insured, and Herwald. (Paper 12). Northwestern also moved to deposit the policy proceeds with the court, which the court granted on October 13, 2009. (Papers 13 & 17). In its order, the court also stated:

> That, subject to further order of this Court, Plaintiff, Carolyn Guthrie, and Claimants, Alice Giles, individually and as Personal Representative of the Estate of Julie D. Giles, and Bruce T. Herwald, are hereby restrained from instituting or prosecuting any proceeding in any state or United States Court against The Northwestern Mutual Life Insurance Company, its agents, servants and employees, and all other persons or entities, which either directly or indirectly relates to the proceeds payable as a result of the death of the Insured, Julie D. Giles[.]

(*Id.*)

On October 23, 2009, Giles answered Northwestern's third-party complaint. (Paper 18, at 1-5). Giles also asserted a counterclaim against Northwestern; J. Stephen Hast ("Hast"), the insurance agent who sold the Policy; KEM Financial Services ("KEM"), the insurance company that sold the Policy; and Guthrie. (*Id.* at 6-15). Giles' counterclaim asks for a finding of negligence, reformation of the contract, and a declaratory judgment that Herwald was the intended beneficiary. (*Id.* at 9-11). In particular, Giles alleges that Hast "negligently failed to ensure that Bruce T. Herwald was identified as the owner of [the Policy] and to ensure that he was named as beneficiary." (*Id.* at 8). Hast and KEM subsequently filed a motion to dismiss Giles' counterclaim against them. (Paper 34).

On December 15, 2009, Herwald, the Insured's business partner, answered Northwestern's third-party complaint. (Paper 32, at 1-6). Herwald asserted two crossclaims, including one against Giles and Guthrie. (*Id.* at 14-22). In that crossclaim, Herwald contends that the Policy was intended to benefit him and that the proceeds were to be used to purchase the Insured's interest in the business they shared in the event of the Insured's death. (*Id.* at 14.) Herwald asserts three counts against Giles: a breach of contract (Count I), breach of fiduciary duty (Count II), and negligent misrepresentation/negligent failure to disclose (Count III).

3

(*Id.* at 16-19). He also seeks reformation of the Policy and imposition of a constructive trust. (*Id.* at 19-21). Herwald states that he was damaged "in an amount at least equal to the amount payable on the Insured's life insurance policy, and in any event of at least $435,000." (*Id.* at 17, 18, 19). Herwald has since filed a motion for judgment on the pleadings as to counts one and two of his crossclaim against Giles (Paper 48), while Giles has moved to dismiss the claim (Paper 41).

**II. Defendants Hast and KEM's Motion to Dismiss**

As noted above, Hast and KEM moved pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss Giles' counterclaim[1] against them. The purpose of such a motion to dismiss is to test the sufficiency of the complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Nevertheless, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic

---

[1] Giles characterizes her claim as a counterclaim, although it might more appropriately be styled a crossclaim.

4

recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(internal citations omitted).

In its determination, the court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999)(citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). The court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Iqbal*, 129 S.Ct. at 1950, or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). *See also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] . . . that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Hast and KEM contend that Giles' counterclaim is barred by the court's October 13, 2009 order allowing Northwestern to deposit the policy proceeds with the court. Alternatively, they argue that Giles could not assert counterclaims against them, as they were not "opposing parties" at the time Giles filed her counterclaim. They are mistaken on both grounds.

First, the court's prior order does not bar the type of claims advanced by Giles in her counterclaim. The order seeks to prevent interested parties in this action from "instituting or prosecuting any proceeding" against Northwestern or its agents in other forums. (Paper 17). Giles is not "instituting or prosecuting any proceeding" by bringing her claim, but is instead adding a claim to an already existing proceeding. *See, e.g.*, *Black's Law Dictionary* (8th ed. 2004) (defining prosecute as "to *commence* and carry out a legal action," and defining institute as "to *begin* or *start*") (emphasis added). The prior order was intended to prevent the parties from filing suit elsewhere and ensure that all issues pertaining to the Insured's life insurance policy are resolved in this action. Giles' counterclaim presents some of those issues.

Second, Giles may properly assert a counterclaim against Hast and KEM under Federal Rule of Civil Procedure 13. Under

Rule 13(h), Hast and KEM need not be original parties to the action, as the rule permits "strangers" to the litigation to be joined to a counterclaim in accordance with Rules 19 and 20 (governing compulsory and permissive joinder, respectively). *See, e.g.*, *OMOA Wireless, S. de R.L. v. United States*, 244 F.R.D. 303, 305-06 (M.D.N.C. 2007); *Lanier Bus. Prods. v. Graymar Co.*, 342 F.Supp. 1200, 1202-03 (D.Md. 1972). "Federal law is clear that 'a counterclaim or cross-claim may not be directed solely against persons who are not already parties to the original action, but must involve at least one existing party.'" *Glynn v. EDO Corp.*, 641 F.Supp.2d 476, 480 n.3 (D.Md. 2009) (quoting 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1435, at 271 (3d ed. 2004)). But Giles has involved an existing party by also asserting her counterclaim against Northwestern, who was an original party.

Thus, so long as Hast and KEM can be joined under either Rule 19 or 20, they may face Giles' counterclaim. Rule 20 allows parties to be joined as defendants in an action:

> if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Fed.R.Civ.P. 20(a). Giles' right of relief against Hast and KEM arises out of the same transaction or occurrence at issue in

7

principal complaint.  It also involves the common question of who was intended to be the proper beneficiary of the Policy. Indeed, even Hast and KEM concede that there are common questions of fact and law.  (*See* Paper 45, at 4 ("For the purposes of the disposition of this Motion, these Defendants are not contesting common issues of fact or law.")).  Because joinder was appropriate under Rules 13(h) and 20(a), the counterclaim against Hast and KEM will not be dismissed.

**III. Third Party Defendant Giles' Motion to Dismiss**

Giles has moved to dismiss counts I, II, and III of Herwald's crossclaim, arguing that the claim is "premature" because Herwald has "suffered no damages."  (Paper 41-1, at 4). The court evaluates this motion to dismiss under the same standards described above, taking as true all well-pled allegations by Herwald.  In view of those standards, Herwald has adequately stated a claim for damages.

Fundamentally, Giles' motion is an attempt to invoke the notion of *injuria absque damno*, meaning a wrong that results in no loss or damage. *See, e.g.*, *Mira v. Nuclear Measurements Corp.*, 107 F.3d 466, 473 n.7 (7th Cir. 1997).  Such a wrong cannot sustain a cause of action.  *Id.*  Here, however, Herwald adequately pleads damages.  Herwald maintains that he is the rightful beneficiary on the policy and that, but for Giles' actions, Herwald would have received the $1 million benefit. Had

he received this benefit, Herwald would have been able to purchase the Insured's interest in the business that Herwald and the Insured shared. (Paper 32, at 15).

Giles protests that Herwald "continues to operate Union Vet [the business formerly owned by Herwald and the Insured], with no disbursements of profit to the 50% ownership interest belonging to [the Insured]'s estate." (Paper 41-1, at 4). Giles offers no support for this conclusory assertion. Regardless, "[u]nder Rule 12(b)(6), of course, the court does not consider matters outside the pleadings, unless the motion can properly be considered one for summary judgment." *Tinch v. United States*, 189 F.Supp.2d 313, 315 (D.Md. 2002). Because it would be inappropriate to consider Giles' motion as a motion for summary judgment at this time, and because Herwald adequately pleads damages, Giles' motion to dismiss must be denied.

**IV. Third Party Defendant Herwald's Motion for Judgment on the Pleadings**

Herwald has moved pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings as to Counts I and II of his crossclaim against Giles. (Paper 48). Rule 12(c) provides that "*[a]fter the pleadings are closed*-but early enough not to delay trial-a party may move for judgment on the pleadings." (emphasis added). Such motions are governed by the same standard governing motions to dismiss for failure to state

9

a claim under Fed.R.Civ.P. 12(b)(6). *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir.2002). A court may grant judgment on the pleadings "only if it appears beyond doubt that the nonmoving party cannot prove any facts that would support his or her claim for relief, after it has accepted all well-pleaded allegations in the pleading as true, and drawn all reasonable inferences in favor of the nonmoving party." 2 *Moore's Federal Practice* § 16.05 (3d ed. 2001).

Herwald's motion is premature. "[A] motion for judgment on the pleadings is plainly inappropriate here, because the pleadings have not been closed by answers from all defendants." *Little v. Fed. Bureau of Investigation*, 793 F.Supp. 652, 653 (D.Md. 1992), *aff'd* 1 F.3d 255 (4th Cir. 1993) (citing 5A Charles A. Wright & Arthur Miller, *Federal Practice & Procedure* § 1369, at 532 n.5 (1990)); *see also, e.g.*, *Nationwide Children's Hosp., Inc. v. D.W. Dickey & Son, Inc. Employee Health & Welfare Plan*, No. 2:08-cv-1140, 2009 WL 5247486, at *1 (S.D.Ohio Dec. 31, 2009) ("[T]he pleadings are not closed until all defendants have filed an answer, even when one defendant has filed a motion to dismiss instead of answering."). Two defendants, Hast and KEM, have not yet filed answers, so Herwald's motion cannot properly be considered at this time.

## V. Conclusion

For the foregoing reasons, the motion to dismiss filed by Defendants Hast and KEM will be denied, the motion to dismiss filed by Third Party Defendant Giles will be denied, and the motion for judgment on the pleadings filed by Third Party Defendant Herwald will be denied. A separate Order will follow.

/s/<br>
DEBORAH K. CHASANOW<br>
United States District Judge